[PHILADELPHIA, DECEMBER 29, 1828.]

## PASTORIUS *against* FISHER.

### IN ERROR.

In an action for overflowing the plaintiff's land, by the erection of a dam on the land of the defendant, in which the nature and extent of the alleged injury are specially described in the declaration, the plaintiff is entitled to a verdict for nominal damages, though he fail to prove the particular injury complained of, or any other actual injury.

THIS was a special action on the case, brought by the plaintiff in error against the defendant in error, in the District Court for the city and county of *Philadelphia*, to recover damages for an injury done to the plaintiff's land by the erection of a dam on the land of the defendant.

The injury complained of, which was specially set forth in the declaration, was, that the defendant had erected a mill dam upon his own land, which caused the water to flow back upon the land of the plaintiff, and made it so spongy and rotten, that he could not erect buildings for the printing of calico, by reason whereof he had sustained damage to a certain specified amount.

His Honour, Judge HALLOWELL, before whom the cause was

(Pastorius *v.* Fisher.)

tried, delivered to the jury a charge, which was excepted to by the counsel for the plaintiff, who, in this court, assigned the following errors:

1. The judge erred in giving it in charge to the jury, that the allegation of the plaintiff, in his declaration, of the way in which he had sustained damage by the overflowing of his land in consequence of the erection and maintenance of the defendant's dam, is matter of substance, and that the plaintiff must prove that he sustained damage in that particular way.

2. The judge erred in giving it in charge to the jury, that the plaintiff could not recover, merely on proof that the defendant had caused the water to back upon and overflow the plaintiff's land; and that the jury could not find for the plaintiff, unless actual damage were proved.

*Lowber*, for the plaintiff in error, said, that the question was, whether or not, in an action for a nuisance, the plaintiff, whose right has been invaded, must, to entitle himself to a verdict, prove, that he has sustained actual damage. He contended, that the law was well settled, that, in order to determine the right, the plaintiff was entitled to nominal damages, although it did not appear that he had suffered actual injury from the act complained of. In support of his position, he cited *Angel on Water Courses*, 149, *Appendix. Skin*. 175. *Whitmore* v. *Calton*, 1 *Gall. Rep.* 476.

*Scott*, for the defendant in error, answered, that the action was to recover damages for an alleged injury, the nature and extent of which were very specially set out in the declaration. This specified injury was the gist of the complaint, and the sole object of inquiry at the trial. The jury has declared, that the only injury pretended to have been sustained, has not been sustained. There is a gross inconsistency, therefore, in saying, that the plaintiff ought to have had a verdict for nominal damages. In a case like this, the plaintiff cannot recover, unless he prove that he has sustained both wrong and injury. Neither *injuria absque damno*, nor *damnum absque injuria*, will support the action. He cited and relied upon *Ashbey* v. *White*, 6 *Mod.* 46. *Hob.* 267. *Bull. N. P.* 120. *Palmer* v. *Mulliken*, 3 *Caines*, 307. *Angel on Water Courses*, 51.

*P. A. Browne*, when about to reply, was stopped by the court, whose opinion was delivered by

GIBSON, C. J.—The principal point was determined in *Alexander* v. *Kerr*, during the last term at *Pittsburg*, where it was held, that the *law* implies damage from flooding the ground of another, though it be in the least possible degree, and without actual prejudice; and the same principle was ruled at *Sunbury*, the term preceding, in a case the name of which is not recollected. But where the law implies the injury, it also implies the lowest damages, except in cases of personal injury, where damages are given, not to compensate, but to punish. Here, however, it is said, the plaintiff undertook to prove special damage, and, therefore, staked his case on the event.

(Pastorius *v.* Fisher.)

But, surely an attempt to prove an injury beyond what the law implies, is not, necessarily, a relinquishment of damages for every thing short of the whole case.  Where the plaintiff goes for special damage, he must lay it; else he shall not give evidence of it.  But the converse of the rule does not hold—that having laid it, he must prove it or fail altogether.  It would be neither reasonable nor just to compel him to elect between real and nominal damages; or to refuse compensation as far as a substantial cause of action has been proved.  The action may be brought to try the right, and the verdict, being conclusive, would stand in the way of a recovery for a substantial injury, if any were suffered afterwards.  It was error, therefore, to charge against the plaintiff's right to nominal damages.

Judgment reversed, and a *venire facias de novo* awarded.