### HUNTLEY *against* BACON and another.

Where *H,* an officer, attached the goods of *B,* in a suit brought against him by *A,* and *C* subsequently attached the same goods, then in the custody of *H,* in a suit brought by another creditor against *B ;* after which *H* brought trespass against *C,* and on the trial, *H* offered a partner of *A* as witness ; it was held, that such witness was not incompetent, by reason of interest in the event of the suit, as that event would not affect *H's* liability over to *A,* and as the

New-London,
July, 1842.

Huntley
*v.*
Bacon.

judgment in this suit would neither furnish evidence of the rights of *A* in a suit by him against *H,* nor constitute a fund for the benefit of *A.*

Where *A,* in such case, agreed to exonerate *H* from liability to *A,* on account of the service by *H* of such attachment; it was held, that this did not extinguish *H's* right of action against *C,* or preclude him from a recovery.

Where the court, on the trial of an action of trespass by an officer, for the taking of goods which he held by virtue of an attachment, instructed the jury, that they might give damages beyond the amount of the creditor's debt, if they should find, that the trespass was committed maliciously, or in a wanton and aggravated manner, and with a design to vex and injure the plaintiff; it was held, that such instruction was correct.

THIS was an action of trespass *de bonis asportatis.* The defendants pleaded the general issue, with notice that they should prove certain facts as a justification.

The cause was tried at *Norwich, March* term, 1842, before *Storrs,* J.

The plaintiff claimed to have proved, that at the time of the trespass complained of in his declaration, he, as a constable of the town of *Lyme,* levied on the property in question, consisting of a quantity of stone, by virtue of certain writs of attachment, which had been placed in his hands for service against *Pomeroy & Palmer,* two of which writs were in favour of *R. Champion;* and that, by virtue of such levy, he then had the lawful possession of the property. The attachments and the returns thereon, were in due form of law: and it was admitted, that at the time of service, the property belonged to *Pomeroy & Palmer;* that the plaintiff was a constable of the town of *Lyme;* that the two writs in favour of *R. Champion,* were duly served and returned; and that judgments were regularly obtained thereon in favour of *R. Champion,* which were unpaid; and that *Pomeroy & Palmer* were wholly insolvent.

The defendants justified the acts complained of, as having been done, by virtue of certain writs of attachment, against *Pomeroy & Palmer,* by the defendant, *Bill,* as constable of the town of *Lyme,* in attaching the same property, and by the defendant *Bacon,* who was plaintiff in one of the writs, as the agent and servant of *Bill:* the defendants claiming, that the acts done by the plaintiff, under the writs in his hands, though prior in point of time to the acts done by the defendants, constituted no valid attachment of the property.

As part of the plaintiff's proof, he offered in evidence the deposition of *Israel Champion;* to the admission of which the

defendants objected, on the ground that he was interested in
the event of the suit, accompanied with an offer to prove, that he was a partner in business with *R. Champion*, at the time when the claim against *Pomeroy & Palmer* accrued, and that he was jointly interested with *R. Champion* in the judgments founded thereon. The plaintiff objected to the proof so offered by the defendants ; and the court rejected it, and thereupon admitted said deposition.

The defendants claimed to have proved, that the value of the property for which a recovery was sought in this action, exceeded the whole amount of the judgments and costs, on the writs which had been served by the plaintiff on said property ; and that the amount of the judgments rendered on the writs served by the defendants, on the same property, and by virtue of which they did the acts complained of, was more than sufficient to absorb the residue of the value of said property ; and they claimed, and prayed the court to instruct the jury, that if the facts were so, the right of the plaintiff in the property, being that of an officer in property attached by him, he could recover no more than the amount of the judgments and costs, which had been recovered on the writs served by him, together with the interest. The court charged the jury, that if they should find the defendants guilty, and that the value of said property exceeded the amount of the judgments and costs last-mentioned, their verdict ought to be for the plaintiff to recover the amount of such judgments and costs, with the interest thereon, and that amount only, unless they should further find, that the trespass complained of, was committed maliciously, or in a wanton and aggravated manner, and with a design, by the defendants, to injure and vex the plaintiff ; in which case, they were at liberty to render a verdict for such sum beyond the amount of said judgments, costs and interest, as they should judge to be reasonable and proper, under the circumstances.

The defendants claimed to have proved, that the creditors of *Pomeroy & Palmer*, whose writs had been served by the plaintiff, had agreed with him to indemnify him against any loss or damage, by reason of his not removing said property from the place where it was when he attached it ; and the defendants thereupon prayed the court to instruct the jury, that if such was the case, inasmuch as the right of the plain-

tiff to recover was grounded on his liability over to the creditors of *Pomeroy & Palmer,* whose writs he undertook to serve, the verdict ought, on that ground, to be for the defendants. The court did not so instruct the jury.

The plaintiff obtained a verdict; and the defendants thereupon moved for a new trial.

*Foster,* in support of the motion, contended, 1. That the deposition of *Israel Champion* was improperly admitted. An officer, by an attachment, acquires a special property in the goods attached, which enables him to maintain trespass against a wrong-doer. The reason of the law is, that he is accountable over to the judgment creditor, for a sum of money equal to the value of the goods, or the amount of the judgment recovered. *Sto. Bail.* 94. *Ladd* v. *North,* 2 *Mass. Rep.* 514. 516. *Burrows* v. *Stoddard,* 3 *Conn. Rep.* 346. The avails of the judgment, in this case, must be applied, in the first instance, to pay the debts of the judgment creditors. They, of course, have an interest in the event of this suit, because they have an interest in creating a fund, out of which their claims are to be satisfied. These creditors, then, and *Israel Champion* stands here as one of them, cannot be witnesses for the plaintiff; for the effect of their testimony is, to create a fund for their own use and benefit. *Stebbins* v. *Sackett,* 5 *Conn. Rep.* 262. *Bates* v. *Coe,* 10 *Conn. Rep.* 293. *Non constat* that without this fund, they ever could be paid.

2. That the judgment creditors having indemnified the plaintiff against any loss or damage, on account of the manner in which their attachments were served, the plaintiff cannot recover. The right of the officer to recover, is founded solely on his liability over. When he is released from that liability, his right to maintain an action is gone. *Sto. Bail.* 95. *Stevens* & al. v. *Curtiss,* 3 *Conn. Rep.* 260. The indemnity furnished to the plaintiff was equivalent to a release of all claim against him. Consequently, the instruction asked for should have been given to the jury.

3. That the instruction to the jury on the question of damages, was erroneous. The plaintiff's right to recover is bounded by his liability. To whom, then, is he liable, in this case? First, to the attaching creditors, whose process he

served, and whose executions he holds. As the value of the <span>New-London, July, 1842.</span> property is greater than the amount of the judgments recovered, with costs and interest, those, of course, are to be paid in full. This clearly discharges all his liability to them. To whom else is he bound to pay ? *Pomeroy & Palmer* were the original owners of the property attached ; and in the absence of any right acquired by third persons, they would be entitled to receive from the officer, the residue of such property, or the avails of it. But the whole of the residue has been taken by *Bacon*, one of the defendants, a creditor of theirs, and applied according to law, in payment of his execution against them. The plaintiff, then, is under no liability, but to the judgment creditors, and to the defendant *Bacon*. His liability to the creditors is the amount of their claims, costs and interest. His liability to *Bacon*, would be for the residue ; but this, strictly speaking, has never accrued ; or, at all events, does not exist now ; for he has it in hand. It follows, that the extent of the plaintiff's liability is the amount of the judgments, costs and interest.

*Huntley v. Bacon.*

*Strong* and *McCurdy*, contra, contended, 1. That the deposition of *Israel Champion*, though interested in the debts for which the property was attached, was admissible. Both parties claimed, that the stone was the property of *Pomeroy & Palmer ;* and the defendants admit, that the debt of *R. Champion* was secured by *Huntley's* attachment, before theirs. Of course, *R. Champion* can recover from *Huntley*, as well should he fail to recover in this suit, as if he should succeed.

2. That the offer or agreement of the attaching creditors, to indemnify the plaintiff for not doing what he was not bound to do, furnished no ground of defence against the plaintiff's claim upon the defendants, for unlawfully taking this property from him. If the plaintiff should fail to recover in this suit, that agreement of the creditors would be no answer to them, in a suit by them against him, for not retaining the property attached.

3. That if either party has a right to complain of the charge as it regards the damages, it is the plaintiff. He, as a public officer, was compelled to attach and hold this property. For thus retaining it, he is allowed only his actual expenses.

And when it is wrongfully taken from him, he is compelled to prosecute the suit, at his own charge. May not the jury give him an actual indemnity? But the charge restricted the jury to the amount of the judgments, costs and interest, unless they should find that the trespass complained of was committed maliciously, or in a wanton and aggravated manner, and with a design to injure and vex the plaintiff. For such a wrong the law furnishes no rule of damages but the discretion of the jury, under all the circumstances of the case.

CHURCH, J. The first objection to the proceedings in the court below, was, as to the admission of *Israel Champion's* deposition.

It was claimed, by the defendants, that *Israel Champion* was a co-partner with the first attaching creditor, *R. Champion*, and was, therefore, interested in the event of this suit. Let the fact of the co-partnership be conceded; and also that *Israel Champion* and *R. Champion* sustained the same relation to this suit; and still it does not follow, that the deponent, *Israel Champion*, had a disqualifying interest.

*Huntley*, the officer, had attached the property in question, upon writs in favour of *R. Champion*, and had not removed it; and one principal question in the case, was, whether he was justified in permitting it to remain, and whether for that reason, his attachment was not void? *Huntley* acted upon his own responsibility, and without special instructions from the attaching creditor. He was liable for its safe-keeping, and for its continuing in a condition to be applied upon the forthcoming judgment and execution of the attaching creditor; or, if not wanted for this purpose, it being in his legal custody, he was responsible for it to somebody else. If by negligence or official misconduct, he had so conducted, as that the lien created by the attachment was discharged; for this, he was responsible to *R. Champion*, the attaching creditor, whatever might be the result of the present action. Nor could the judgment in this case furnish any evidence of the rights of *R. Champion*, in a suit by him against *Huntley*, the officer.

It is claimed, if the officer recovers, in this case, the amount recovered will constitute a fund for the benefit of the attaching creditor. This is not so. The creditor can

have no interest in the sum recovered. His claim against <span style="float:right">*New-London,*<br>July, 1842.</span> *Huntley* is precisely the same, whether there be a recovery or not in this action. If the officer recovers, it will be for a wrong done by these defendants to himself, and not to *R. Champion.* No action for money had and received, could be sustained, by *R. Champion* against *Huntley,* to recover the amount collected upon this judgment, as constituting a fund to which he is entitled.

Huntley<br>
*v.*<br>
Bacon.

The most which can be made of this claim, is, that if *Huntley* recovers here, he may be the better able to meet his responsibilities to the attaching creditor ; and this creates no other interest in such creditor, than all others have in the successful litigation of their debtors. The objection to the deposition was properly overruled.

The charge of the judge is objected to, because the jury were instructed, that they might give vindictive damages, if they should find, that the trespass was committed maliciously, and in a wanton and aggravated manner, and with a design to vex and injure the plaintiff. The propriety of the charge in this respect has been too frequently and too recently sanctioned, by this court, to be again drawn into discussion or doubt. See *Linsley* v. *Bushnell*, ante 225., and the cases there cited.

In the progress of the trial, the defendants claimed, that they had proved, that the attaching creditors, or some of them, for whom *Huntley,* the officer, had attached the property in question, had agreed to save him harmless for not removing the property attached ; and if they had, that the interest of the plaintiff in this cause of action, was extinguished. The claim is a novel one. If sanctioned, it goes to the extent of holding, that an officer can, in no case, recover for a trespass committed upon, or even for the destruction of, property attached by him, if the circumstances of the case show, that he is not liable to the attaching creditor. This doctrine cannot be supported by principle, nor by authority. An officer is never liable, if he has followed the law, and has been guilty of no culpable negligence ; and it will not do to say, that, in all cases where the officer is justified by the law, a stranger— a wrong-doer—may invade his possession, and take away or destroy the property thus in his legal custody. The gist of the action of trespass, is, the force and injury to the lawful

HARVARD LAW LIBRARY

*New-London,*
*July, 1842.*

Huntley
*v.*
Bacon.

possession of the plaintiff; and a wrongful act of a trespasser is not, in any way, modified, extenuated or excused, by reason of any agreement which such plaintiff, if an officer, may have made with attaching creditors.

In this opinion WILLIAMS, Ch. J., and STORRS, J., concurred; one of the other Judges being disqualified, by his connexion with the cause, and another not being present.

New trial not to be granted.