Judge Crenshaw
delivered the opinion of the Court.
This is an action in ordinary, brought by Brown and Powell against Kountz, to recover damages for injuries done to their wharfboat, whilst lying in the Ohio river, at the wharf at Brandenburg, by the steamer Crystal Palace.
It appears that in March 1854, the steamer was descending the river, with a passenger on board whose destination was Brandenburg; that the commander was unwilling to land the passenger on the Kentucky shore, because the wind was then blowing hard from the north-west, rendering it difficult to land at Brandenburg; but the passenger insisting that he should be landed at the place to which he had taken his passage, and not be left on the Indiana shore, and it being the duty of the commander (Kountz,) to land him at Brandenburg, he accordingly did so. In doing this, the commander, as the testimony conduces to show, came up to the wharfboat as carefully as he could. Nevertheless, in coming up to the wharf-boat, the steamer broke one of the knees, or fenders of the boat; and for this injury, the plaintiffs claim $75 in damages.
In the month of May next after this injury, the steamer Crystal Palace had occasion again to land at Brandenburg, for the purpose of putting off a carpet-sack. Tbe testimony is, that upon this occasion she landed between seventy-five and one hundred yards above the wharfboat, and that when backing out from the bank of the river, in order again to proceed on her voyage,- she backed down opposite the wharfboat, and in turning her bow into the stream, her stern swung around and struck the *582 wharfboat with considerable force, and broke and sunk her.
“1. At common law principal was not liable for the willful trespasses of Ms agent, but he was responsible for injuries arising from the carelessness, negligence, or want of skill of the agent while in the performance of the business of the principal.
2. Since the adoption of the Revised Statutes the owners of steamboats or other vessels are liable, as well for the will ful, as the negligent conduct of the officers and crew; and an action for such injury can now be maintained against the owners as well as the commander, without any allegation of carelessness or unskillfulness.
*582 The petition was demurred to, and the demurrer was over-ruled; and it is still insisted that the petition shows no cause of action, and that the demurrer was improperly overruled. We concur in opinion with the circuit court.
Although the facts averred in the different paragraphs or counts of the petition are not very aptly stated, we think each paragraph or count contains a substantial cause of action, alledging an immediate and not a consequential injury, committed with force and violence, and the action under the old forms of pleadings would be denominated an action of trespass. And in this form of action, brought against the servant or agent, who caused the injury, it is not necessary to aver that the injury was willful, or was the result of carelessness or negligence, or want of skill. Upon common law principles, if the action in this case could be regarded as having been brought against the owners of the boat, as well as against their agent, who was the commander thereof, it ought to appear in the petition that the injury was caused by negligence or want of skill; as at common law the owners would not be held responsible for the willful acts of their agents forcibly committed. But this action cannot be properly considered as an action against the owners of the steamer, nor is it necessary since the adoption of the Revised Statutes to aver that the inj ury was committed thro’ negligence or want of skill, even where the owners are sued.
By the 2nd section of chapter 7, page 143, of the Revised. Statutes, the owners of a steamboat or other vessel are made liable for the willful, as well as the negligent conduct of her officers and crew, and hence an action for a forcible and willful injury can now be maintained against the owners as well as against the commander of the vessel, without any allegations of carelessness or unskillfulness on his part. *583 .Before the Revised Statutes were adopted, as we have above intimated, no recovery could be had against the owners of a vessel for the trespasses and willful acts of the commander, but only for his acts committed through his want of skill, negligence, or carelessness. And the form of action against the owners, under our former system of pleading, would have been in case, and not in trespass, and it would have been proper and necessary to aver the injury to have been the result of the negligence or want of skill of their agent, the commander of the vessel. Averments of unskillfulness, or negligence, were necessary and usual in actions upon the case against the owners, but not in actions of trespass against their agent and commander of their vessel, because they were not responsible for his trespasses, but only for those injuries which resulted from his carelessness, or want of skill.
The author of an injury, forcibly committed by him, has ever been held responsible therefor, whether perpetrated in guiding a vessel which he is commanding or otherwise, and whether it were the result of willfulness, negligence, or accident, unless the injury may have been induced by the conduct of the party injured, or be in some way attributable to himaswell as to the defendant. The injury which was committed in March, although done with force, may not subject the defendant to damages, because the wharfboat was fastened to the wharf at Brandenburg, that steamboats might run up to her for the purpose of discharging freight and passengers; and as steamer’s were, by common understanding, invited to come up to her for this purpose, it is no trespass to do so, but in doing it, their commanders should observe due and proper care in order to prevent injury ; and if, notwithstanding the exercise of proper care and caution, damages are sustained by the wharf-boat, it is a case of damnum absque injuria; or if the damages are the result of the improper conduct of the owners of the wharfboat, in having a boat too frail to *584 answer the purpose intended or otherwise, and the commanders of steamers use due care and vigilance in approaching her, the wharfboat owners have no right to complain. But if proper care and vigilance are not observed, or the injury is willful, an action well lies.
3. A petition asking redress for an injury arising from negligence or want of skill in the performance of a lawful act, should state such facts as would have authorized an action on the case; and a petition claiming redress for an injury done with force, such facts as would have authorized the action of trespass.
Since the distinction between actions has been abolished by our Code, a petition which goes for a forcible injury should state such facts as would be equivalent to an action of trespass at common law. If the trespass be waived, and the petition go for negligence or want of skill, it should state facts which are equivalent to an action in case according to common law principles.
The doctrine applicable to this subject is ably discussed in the case of Leame vs. Bray, 3d East., 593. See the case and the authorities therein referred to, and also note (1.)
In the present case the wharf boat upon which the injury was inflicted, was stationary at the wharf at Brandenburg, and the doctrine in reference to the mutual conflict of vessels whilst under way upon the seas, or upon rivers, has no application. Nor are we to be understood as deciding that for an injury committed by one vessel upon another, in consequence of the force of wind and waves beyond the control, and baffling the skill and energies of the commander, he or the owners could be held responsible in any form of action. It is not necessary in this case to decide that question.
When the Crystal Palace came in contact with the wharfboat in March, the wind was blowing hard, and some difficulty was thereby encountered in approaching the wharfboat without injury thereto, but the testimony does not show that owing to the violence of the wind, due care and prudence forbade the commander from approaching her, or that the injury was the inevitable result of the high wind. If the wind was so high as to forbid a prudent commander from approaching the wharfboat at all, Kountz should be *585 accountable for the injury inflicted at that time; if on the contrary the wind was not such as to forbid his doing so, and he approached her with that care and caution which the circumstances demanded, he ought not to be held accountable, as the wharl’boat was there for the purpose of inducing steamers to approach her and discharge their freight and passengers.
4. The owners of a steamboat, sued by the general appellation, are not'partiep to a suit, unless designated by name, and served with process, actually or constructively.
5. Juries are authorized to give exemplary damages in cases of wanton and reckless negligence, as well as for forcible injuries; and it is not error for the court in such cases so to instruct the jury.
*585 Whether the approach was authorized at all under the state of the weather, or was made with due care and caution, was a question for the jury.
But, after the collision in March, a quarrel ensued between one of the owners of the wharfboat and Kountz, and he was forbidden to approach her, and he had determined not to do so. He had, therefore, when the second injury was inflicted, no light to approach her or come in contact with her at all, to her injury; and for doing so he is responsible.
The present is not an action against the steamer under our statutes, but is an action against Kountz, the commander, in person, and, as we think, against him alone. The owners aré attempted to be made defendants, but it is only an attempt; they are not designated by name, but are only styled “owners,” and they are not brought before the court by the service of process, actual or constructive. Kounts, therefore, is the only defendant in fact or in law, and the judgment must be regarded as a judgment against him only, although it is in terms against the defendants’ in the plural. No judgment can properly be rendered, in personam,, against persons not served -with process, either actually or constructively. The judgment being, in legal estimation, a judgment against Kounts only; if right against him, it must stand; he is the only appellant, and rightly so.
Without discussing the instructions given to the jury at the instance of the plaintiffs, we think it clear that they are as favorable to the defendant as he has a right to ask.
*586 According to the principles of the foregoing opinion, they might, in reference to the last injury, inflicted where the wharfboat was sunk, have been stronger against him than they were. The third instruction is the only one which might seem liable to objection. But in actions for forcible injuries the general rule is, that the jury may give exemplary damages, and certainly they may be told that they can do so where the injury, in their opinion, may have been willful. It is not necessary to say whether the testimony was sufficient to authorize the conclusions that the injuries were committed willfully, for if they were recklessly committed, as the jury clearly had a right to infer in regard to the last and principal injury, the law did not confine them to the actual injury, but authorized them to give exemplary damages. It is not alone for willful trespasses that exemplary damages are authorized by law to be given, but they are authorized also for acts of wanton and reckless carelessness.
The instructions, A and B, were, under the facts of this case, properly refused. When the first injury happened in March, a knee or fender of the wharf-boat was^ broken, and this is the only injury which appears then to have been done, and there is no evidence that this knee or fender was not of sufficient strength for the purpose intended, or that this injury occurred through any defectiveness of the boat.— When the last and principal injury was committed, the defendant was not attempting to avail himself of the wharfboat for the purpose for which she was designated, and he has therefore no right to complain that she was not adapted to the purpose for which she was intended, or was not sufficiently protected against danger, or was unseaworthy. However frail the wharfboat may have been, and however unguarded and unprotected, the defendant had no right to drive his steamer forcibly down upon her through willfullness, carelessless, or want of skill.
*587 It only remains to consider whether the damages are excessive. We think the damages are high.— But the action is one of tort, in which, as we have said, the jury are not confined to the actual injury, and under all the facts and circumstances of the case we are not prepared to say that *the damages are outrageously excessive, or that the jury were influenced in their finding by passion and prejudice. The steamer was over three hundred feet long, and was rather an unwieldly vessel, and though we know but little of such matters, it seems to us that such a boat was landed in dangerous proximity to the wharf boat, so near as that great skill and care were requisite in order to avoid collision with the wharf boat in backing out into the stream. Upon the whole ease we do not feel authorized to disturb the verdict.
Wherefore the judgment is affirmed.
A petition for re-hearing was filed, but overruled by the court.