AMASA S. DEAN, Appellant, *v.* ROBERT BLACKWELL, Appellee.

APPEAL FROM LA SALLE COUNTY COURT.

In an action of trespass for shooting a colt, it is not erroneous to refuse to permit a witness to answer whether the colt was not in the habit of breaking into other fields in the neighborhood; unless further testimony is to be adduced to show that some other person than the defendant, killed the colt.

APPELLANT filed his declaration in trespass, for shooting a colt. Defendant filed the general issue. Trial by jury at September term, 1856, of La Salle County Court.

On the trial below, the plaintiff introduced evidence to the jury, tending to prove that plaintiff's colt was in the habit of getting into the field of the defendant; tending to prove that the drove of colts in which the plaintiff's colt was running had been driven out of the field; and tending to prove that a

Dean *v.* Blackwell.

short time afterward the defendant shot plaintiff's colt on the prairie, about forty rods from the field, and in La Salle county.

To one of the witnesses introduced on the part of the plaintiff, the defendant, by his attorney, propounded the following question : "Was not the colt of the plaintiff, which was killed, in the habit of breaking into other fields in the neighborhood of the plaintiff's field ?"

To this question and to the witness answering it, the plaintiff, by his attorney, objected. The counsel for the defendant stated, that the object of offering the testimony, was to show that some other person than the defendant killed the colt. It was stated by the court, that if the defendant had other and further testimony to offer, to show that some other person killed the colt, that the evidence offered would be proper. Defendant's counsel said, that he had no further evidence to offer on that subject. The court sustained the objection, and the witness was not permitted to answer it; and to the opinion of the court, excluding the evidence, the defendant then and there excepted.

Plaintiff's Instructions: The court instructed the jury, on behalf of the plaintiff, as follows :

"If the jury believe, from the evidence, that the defendant shot the colt of the plaintiff, either willfully and maliciously, or through gross negligence, then in assessing the plaintiff's damages, the jury are not confined to the actual value of the colt at the time of such injury, but the jury are at liberty to assess, in addition thereto, such punatory, vindictive, or exemplary damages, as the jury may deem right and proper under all the facts and circumstances of the case, in evidence.

"If the jury believe that the defendant recklessly and maliciously shot the plaintiff's colt, then the jury are at liberty to find the plaintiff such a verdict as shall compensate the plaintiff for the damages which the evidence shows the plaintiff has sustained."

The defendant requested the court to instruct the jury as follows :

1st. "Will the court instruct the jury, that if they believe, from the evidence, that the witness, Ayres, has knowingly sworn to an untruth material to the issue, then his evidence is not to be relied upon in relation to all other matters sworn to by him."

The court refused to give the instruction asked for by defendant in the terms asked, but qualified it so as to read as follows :

1st. "Will the court instruct the jury, that if they believe, from the evidence, that the witness, Ayres, has knowingly

22

Grove et al. *v.* Carlisle.

sworn to an untruth material to the issue herein, all other matters sworn to by him may be disregarded by the jury."

The jury rendered a verdict for the plaintiff, and defendant moved for a new trial, which motion was overruled by the court, and defendant excepted. Judgment for plaintiff, in the court below.

E. S. LELAND and D. P. JONES, for Appellant.

BUSHNELL and GRAY, for Appellee.

SCATES, C. J. A habit in the colt to trespass upon the neighborhood cornfields, unaccompanied by other evidence, would not tend to show that the person or persons so trespassed on, killed the colt, and such facts were properly excluded from going alone to the jury.

We can discover no objection to the instructions given for defendant. Nor do we discover any material difference between the instruction asked, and as given on behalf of plaintiff.

There being no apparent error in the record, the judgment will be affirmed.

*Judgment affirmed.*