FREEMAN PIKE *versus* JOHN DILLING.

In an action of trespass *vi et armis*, for maiming and disfiguring the plaintiff, the jury are authorized to give exemplary or punitive damages, if they find the defendant wantonly committed the injury.  RICE, J., *dissenting*.

The instruction to the jury " that, in such case, they were authorized, if they thought proper, in addition to the actual damages the plaintiff has sustained, to give him a further sum, as exemplary or vindictive damages, both, as a protection to the plaintiff, and as a salutary example to others, to deter them from offending in like cases," *was held* to be in accordance with the weight of judicial authority in this country, in the courts of the United States and in those of the several States.

EXCEPTIONS from the ruling of CUTTING, J.

THIS was an action of TRESPASS *vi et armis*, for assaulting and maiming the plaintiff by biting off a part of his nose.

The instruction to the jury, to which the defendant except-

ed, was that, if they should find the defendant committed the act wantonly, in that case, they would be authorized, if they thought proper, in addition to the actual damages the plaintiff has sustained, to give him a further sum, as exemplary or vindictive damages, both, as a protection to the plaintiff, and as a salutary example to others, to deter them from offending in like cases.

The verdict was for one hundred and fifty-one dollars and twenty-five cents.

*Granger & Madagan* argued in support of the exceptions.

The doctrine of the instruction, we contend, has no solid foundation in reason or authority, in cases of assault and battery and similar cases, where the defendant had made, or was liable to make, compensation to the State, on complaint or indictment, for the *public wrong;* although the doctrine has received some countenance from some text writers.

Why should money be given to a private individual, not authorized by any public statute, for a *public wrong?* Why to one person rather than another? The whole public has taken, from the delinquent, the fine and costs which the law authorizes, and the Court, trying him, has imposed upon him; why, then, should the party injured have any thing more than a full compensation and satisfaction for the injury he has sustained? For the same crime, the offender cannot be twice punished by two public prosecutions. But where is the difference, if the same result is attained in a civil suit?

A jury has not been regarded as a safe tribunal in whose breast to lodge the power of determining the penalties to be inflicted for the public wrong in a *criminal* prosecution, as the passions and prejudices of jurors are generally and justly regarded as less under their control than those of the bench.

But it has not been considered safe to confide to the Court, even, an unlimited discretion in fixing the penalties to be imposed upon any delinquent, and the Legislature has generally limited the discretion of the Court by maximum, and sometimes, also, by minimum penalties.

Now, is there not a striking inconsistency and absurdity, in holding, that, while a traverse jury is not permitted in a *criminal prosecution* to determine the penalty to be inflicted on the delinquent for a *public wrong*, and the Court are restricted, by the Legislature, within certain limits, in the punishment it may inflict for such *public wrong;* yet it is prudent, wise and just to confer on the jury, in a *civil prosecution* for the *private injury,* connected with the same *public wrong*, the unlimited power of inflicting upon the delinquent, in addition to full compensation for the private injury, such further punishment by way of public example, to deter others from committing similar wrongs, whatever pecuniary mulct the jury, in their uncontrolled caprice, may see fit to give, notwithstanding another tribunal may have imposed the severest penalties on the defendant which the human mind could undertake to justify, by way of *public example* for the same *public wrong?* As though one punishment, however severe, was not enough for one offence. See *Saco* v. *Wentworth*, 37 Maine, 175.

It is no safeguard that the jury, in the civil case, might be permitted to take into consideration the actual fact, or the possibility of a punishment in a criminal prosecution; or that the Court, in the criminal prosecution, might take into consideration the fact of a civil suit, or the possibility that one might be brought. The jury and Court, in the civil action, would not know what the evidence was in the criminal case, if it had taken place; much less what it *would be,* if it had not; or whether any would be instituted. So, in the *criminal* case, the Court could only know and understand how the case was, as presented before him. And each tribunal would be governed by the case as presented to it. Indeed, the defendant might be tried in a *criminal* prosecution in one county, at the same time that his trial was going on in the *civil* suit in another county.

The claim the plaintiff sets forth is the injury he has sustained. For this he claims damages. He does not declare for damages for the *public wrong*, by way of example, to deter others from offending in a like case.

For a definition of "*damages*," in a legal sense, *vide* 1 Greenl. Ev., § 253; Bouv. Law Dict., "Damage"; 2 Black. Com., 438; Hammond's Law of *Nisi Prius*, p. 33. Opposed to the rule, as laid down by Sedgwick on Damages, p. 39, see 2 Greenl. Ev., §§ 253, 256, (5th ed.); 1 Greenl. Ev., p. 256, note; 11 Ad. & El., 356, N. S.; 1 Ruth. Inst. c. 61, § 17; *Gunter* v. *Astor*, 4 J. B. Moore, p. 12; 1 Greenl. Ev., c. 261, note; *Austin* v. *Wilson*, 4 Cush., 273; 3 Am. Quart., 287; Law Reporter, April, 1847; *Worcester* v. *G. F. M. Co.*, 41 Maine, 159; *Longfellow* v. *Quimby*, 29 Maine, 196, and same case, 33 Maine, 437. The rule is well established in this State, with regard to trespass on property. There is no reason for a different rule of exact compensation in cases of trespass on the person.

*Burnham, contra.*

·The opinion of the Court was drawn up by

APPLETON, J. — The instructions of the presiding Judge were entirely in accordance with the weight of judicial authority in this country, in the courts of the United States and in those of the several States.

"It is a well established principle of the common law," remarks GRIER, J., in *Day* v. *Woodworth*, 13 How., 371, "that, in actions of trespass, and all actions on the case for torts, a jury may inflict what are called exemplary, punitive or vindictive damages upon a defendant, having in view the enormity of his offence, rather than the measure of compensation to the plaintiff." This statement of the law was in perfect conformity with the previous decisions which had received the sanction of the Court, when illustrated by the logic of MARSHALL and the learning of STORY. In *Tillotson* v. *Cheetham*, 3 Johns., 56, KENT, C. J., says, "the actual pecuniary damages in actions for defamation, as well as in other actions for *torts*, can rarely be computed, and are never the sole rule of assessment." In *Taylor* v. *Church*, 4 Selden, 452, in delivering the opinion of the Court, JEWETT, J., affirms that " the principle is

well established, as well in the English as in the American courts of justice, that, in actions for injuries to the person, committed under the influence of actual malice, or with the intention to injure the plaintiff, the jury may, in their discretion, give such damages beyond the actual injury, for sake of the example,—damages not only to recompense the sufferer, but to punish the offender." The propriety of awarding exemplary damages "for the sake of the public example, or to punish for some act or default, which has more or less the character of a crime," is sanctioned by PERLEY, C. J., in *Hopkins* v. *Atlantic & St. Lawrence R. R. Co.*, 36 N. H., 10. A similar view of the law is adopted by the Supreme Court of Connecticut, in *Huntly* v. *Bacon*, 15 Conn., 267. Such, too, is the law in Pennsylvania. "In cases of personal injury," remarks GIBSON, J., in *Pastorius* v. *Fisher*, 1 Rawle, 27, "damages are not only to compensate, but to punish." That such is now regarded the law of that State, will be perceived by reference to *Porter* v. *Seeler*, 23 Penn., 424. In New Jersey, the same rule of law is laid down by KINSEY, C. J., in *Stout* v. *Pratt*, Coxe, (N. J.,) 79, and reäffirmed in *Winter* v. *Peterson*, 4 Zab., 524. In *McNamara* v. *King*, 2 Gilman, 432, TREAT, J., says, "in this class of cases the jury may give exemplary damages, not only to compensate the plaintiff, but to punish the defendant." In the subsequent case of *Deane* v. *Blackwell*, 18 Ill., 336, the Supreme Court of Illinois adhered to the doctrine of *McNamara* v. *King*. Exemplary damages are given in Kentucky, determined in *Fleet* v. *Hollenkemp*, 13 B. Mon., 219, and in *Kountz* v. *Brown*, 16 B. Mon., 577. So, too, is the law in North Carolina. *Lowder* v. *Henson*, 4 Jones, (law,) 369. Indeed, such is declared to be the law in nearly all the States of the Union, unless it be in those of Massachusetts and Indiana. Sedgwick on Damages, 38, and appendix. Such, too, is the law of England. Mayne on Damages, 13.

Nor were the damages in this case unreasonable. Indeed, as was remarked by WILMOT, C. J., in *Tullidge* v. *Wade*, 3

Wilson, 18, "if much greater damages had been given, we should not have been dissatisfied therewith."

The question here presented has never before been determined in this State. In *Worcester* v. *Great Falls Man. Co.*, 41 Maine, 159, the suit was not of a character like the one before us. If the rulings were erroneous as to the rule of damages, the error was favorable to the excepting party, who had, therefore, no cause of complaint. Such, too, was the case in *Wardsworth* v. *Treat*, 43 Maine, 164, and in the other cases cited by the defendant. *Exceptions overruled.*

TENNEY, C. J., CUTTING, GOODENOW, DAVIS and KENT, JJ., concurred.

RICE, J., dissenting.—In actions of tort, damages are given as a compensation for injuries received, and should be commensurate with those injuries; no more, no less. Exemplary, vindictive, or punitive damages are something beyond, given by way of punishment. This rule of damages is presented in the ruling in this case distinctly and without any ambiguity. Hitherto it has not been adopted in this State. Deeming it unsound and pernicious in principle, I cannot concur in engrafting it upon our law, nor in adopting it as a rule of practice in our Courts,

Under the rule, as stated in this case, a defendant may be required to make full compensation to the injured party, be punished by fine, *without legal limitation*, by a jury, for private benefit, and then be liable to indictment by a grand jury, for a public wrong, and punished by the Court to the extent of the law, and all for the same transaction.

The soundness of the rule has been much discussed pro and con by courts and jurists. The authorities upon the subject are numerous. To collate or analyze them would give no additional light. A statement of the proposition itself, is, to a legal mind, on principle, a conclusive argument against it. It stands only on contested and doubtful authority. But no number of cases nor weight of authorities, can, in my judgment, relieve the rule of its inconsistency with the universally

recognized principles of natural justice, nor free it from the smack of barbarism. The weight of modern authorities will be found against such rule.