FILED
                                                   United States Court of Appeals
                                                            Tenth Circuit

                                                            June 20, 2012
               UNITED STATES COURT OF APPEALS
                                                         Elisabeth A. Shumaker
                                                             Clerk of Court
                           TENH CIRCUIT

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

v.

                              No. 11-3179
                         (D.C. No. 2:10-CR-20135-CM-1)
SHERI L. ZUBER,                           (D. Kan.)

      Defendant - Appellant.

## ORDER AND JUDGMENT[*]

Before **KELLY**, **TYMKOVICH**, and **GORSUCH**, Circuit Judges.[**]

      Defendant-Appellant Sheri L. Zuber was convicted in a jury trial of

possession with intent to distribute crack cocaine (Count 1), cocaine (Count 2),

and marijuana (Count 3). 1 R. 27-32; 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(iii),

(b)(1)(C), (b)(1)(D); 18 U.S.C. § 2. She was sentenced to 97 months'

imprisonment followed by four years' supervised release. On appeal she

---

[*] This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

[**] After examining the briefs and the appellate record, this three-judge
panel has determined unanimously that oral argument would not be of material
assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th
Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

challenges the denial of her motion to suppress a statement to an officer; the court's finding that her testimony warranted a two-level sentencing enhancement under U.S.S.G. § 3C1.1; and the sufficiency of the evidence supporting her conviction. Jurisdiction exists under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a) and we affirm.

Background

In May 2010, Kansas City Police Department Officers Brandon Holloway and Christopher James responded to an automobile accident. 2 R. 249, 306. Ms. Zuber told Officer Holloway at the scene that she owned one of the vehicles involved; that she had been riding as a passenger; and that the driver had left to get a tow truck. Id. at 259. Later she changed her story, telling the officer that she had not been a passenger; that a different individual had been driving; and that she had been at work and showed up after the accident occurred. Id. at 260.

According to Officer Holloway, while Ms. Zuber's vehicle was being towed, he saw her go to the trunk and pull out a black bag, some clothing, and chairs. Id. at 271. The tow-truck driver, a government witness at trial, testified that when he opened the trunk (at Ms. Zuber's request) he smelled an "overwhelming" stench of marijuana; he then saw her stuff marijuana from the trunk into the black bag and enter a nearby McDonald's. Id. at 363-69. He testified that he told Officer James what he had smelled and seen and that the

officer went into the McDonald's after her.  Id. at 369-70.

Inside the restaurant, Officer James questioned Ms. Zuber about the smell. She said there was no reason for such a smell but was trembling and apparently dropped the bag on the floor; he detected a strong odor of marijuana.  Id. at 318-19, 322.  He searched the bag and observed what was identified later as 92.8 grams of marijuana, 102.6 grams of crack cocaine, and 22.3 grams of powder cocaine, and handcuffed Ms. Zuber.  Id. at 322-23.  He testified that Ms. Zuber, once in custody, said the bag did not belong to her and that someone else had told her to get it out of the car.  Id. at 333.  At trial, she testified that she had not removed the bag from the trunk and that Officer Holloway and the tow-truck driver testified untruthfully as to observing her do so.  Id. at 510-11.

Before trial, the court denied Ms. Zuber's motion to suppress her statements.  Id. at 69-73.  At sentencing, the court applied a two-level enhancement for obstruction of justice, under U.S.S.G. § 3C1.1, based on her trial testimony denying that she removed the bag from her car.  Id. at 638.

## Discussion

### A.    Motion to Suppress

When reviewing a denial of a motion to suppress, we consider the evidence in the light most favorable to the government, accept the court's factual findings unless clearly erroneous, and determine Fourth Amendment reasonableness *de*

*novo*. United States v. Eckhart, 569 F.3d 1263, 1270 (10th Cir. 2009).

Ms. Zuber claims that her statements—that the black bag was not hers and that she was told to retrieve it by someone else—were inadmissible because they were made during custodial interrogation without Miranda warnings. Specifically, she argues that Officer James should have known that his query about the odor, his handcuffing of her, and his search of the bag, were reasonably likely to elicit an incriminating response. Aplt. Br. 8. The government concedes that Ms. Zuber was in custody but contends that no interrogation occurred. We agree.

Interrogation, under Rhode Island v. Innis, 446 U.S. 291, 300-01 (1980), means either "express questioning or its functional equivalent." Officer James was entitled to proceed as he did without anticipating that she would volunteer her denials. He did not ask her about ownership or possession of the bag. The court's factual finding that her statement was spontaneous and unsolicited is not clearly erroneous, and Miranda allows the admission of volunteered statements not made in response to police questioning. Miranda v. Arizona, 384 U.S. 436, 478 (1966); United States v. Pettigrew, 468 F.3d 626, 633-34 (10th Cir. 2006). The district court correctly declined to suppress her statement.

B. Two-Level Sentencing Enhancement

In considering challenges to sentencing enhancements under § 3C1.1, we review the district court's factual findings as to the obstruction of justice under

the clearly erroneous standard, and review *de novo* the district court's legal interpretation of the Sentencing Guidelines. United States v. Hawthorne, 316 F.3d 1140, 1145 (10th Cir. 2003). Under § 3C1.1, a district court may enhance a sentence if the defendant, while "testifying under oath or affirmation . . . gives false testimony concerning a material matter with the willful intent to provide false testimony, rather than as a result of confusion, mistake, or faulty memory." United States v. Dunnigan, 507 U.S. 87, 94 (1993). The court so found.

Ms. Zuber argues that she should have been allowed to maintain a "general difference of opinion" with the testimony of Officer Holloway and the tow-truck driver, otherwise her "constitutional right to testify" is diminished. Aplt. Br. 13. But she does not dispute the district court's specific factual findings about her willfully false testimony over material facts, nor does she argue that the court misinterpreted § 3C1.1. She argues that the jury could have relied on other evidence in reaching its verdict, but that does not address her testimony. We do not find that the district court made any error of law.

## C.    Sufficiency of the Evidence

In reviewing a challenge for sufficiency of the evidence, we ask only "whether taking the evidence—both direct and circumstantial, together with the reasonable inferences to be drawn therefrom—in the light most favorable to the government, a reasonable jury could find the defendant guilty beyond a reasonable doubt." United States v. King, 632 F.3d 646, 650 (10th Cir. 2011).

"We will not weigh conflicting evidence or consider witness credibility, as that duty is delegated exclusively to the jury" and we must affirm unless "no rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Id. (internal quotations omitted).

Ms. Zuber argues that no rational jury would have reasonably concluded that the bag belonged to her. Aplt. Br. 16. We disagree. The bag was in her vehicle and the jury heard testimony from both Officer Holloway and the tow-truck driver that indicated that she retrieved the bag from the vehicle. The jury simply did not credit her testimony. The evidence was sufficient.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge