FILED
United States Court of Appeals
Tenth Circuit

July 23, 2014

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

       Plaintiff - Appellee,

v.

SHERI L. ZUBER,

       Defendant - Appellant.

No. 14-3116
(D. Kansas)
(D.C. Nos. 2:13-CV-02306-CM and
2:10-CR-20135-CM-1)

---

**ORDER DENYING CERTIFICATE
OF APPEALABILITY**

---

Before **GORSUCH**, **MURPHY,** and **HOLMES**, Circuit Judges.

---

This matter is before the court on Sheri Zuber's pro se requests for a

certificate of appealability ("COA") and to proceed on appeal *in forma pauperis*.

Zuber seeks a COA so she can appeal the district court's denial of her 28 U.S.C.

§ 2255 motion. *See* 28 U.S.C. § 2253(c)(1)(B) (providing no appeal is allowed

from a "final order in a proceeding under section 2255" unless the movant first

obtains a COA). Because she has not "made a substantial showing of the denial

of a constitutional right," *id.* § 2253(c)(2), this court **denies** Zuber's request for a

COA and **dismisses** this appeal. Zuber has completely failed to advance a

"reasoned, nonfrivolous argument on the law and facts." *Watkins v. Leyba*, 543

F.3d 624, 627 (10th Cir. 2008). Thus, this court also denies her request to proceed on appeal *in forma pauperis*.

Following a jury trial, Zuber was convicted of three counts of possessing illegal drugs with intent to distribute. *United States v. Zuber*, 485 F. App'x 921, 922 (10th Cir. 2012). This court affirmed her convictions and sentence on direct appeal. *Id.* at 922-24. Zuber then filed the instant § 2255 motion (1) raising claims of ineffective assistance of counsel and (2) challenging the validity of her sentence. In a thorough order, the district court concluded Zuber's claims lacked a legitimate basis in law or fact. Zuber appeals.

The granting of a COA is a jurisdictional prerequisite to Zuber's appeal from the denial of her § 2255 motion. *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). To be entitled to a COA, she must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make the requisite showing, Zuber must demonstrate "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Id.* (quotations omitted). In evaluating whether she has satisfied this burden, we undertake "a preliminary, though not definitive, consideration of the [legal] framework" applicable to each of her claims. *Id.* at 338. Although Zuber need not demonstrate her appeal will succeed to be entitled

to a COA, she must "prove something more than the absence of frivolity or the existence of mere good faith." *Id.*

Having undertaken a review of Zuber's appellate filings, the district court's order, and the entire record before this court pursuant to the framework set out by the Supreme Court in *Miller-El*, we conclude Zuber is not entitled to a COA. As cogently explained in the district court order, the record in this case conclusively demonstrates the claims set out in Zuber's § 2255 motion lack any legitimate grounding in either fact or law. Accordingly, this court **DENIES** Zuber's request for a COA and **DISMISSES** this appeal. For that same reason, we **DENY** Zuber's request to proceed on appeal *in forma pauperis*. Thus, Zuber is obligated to immediately remit the full amount of the appellate filing fee.

ENTERED FOR THE COURT


Michael R. Murphy
Circuit Judge